UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LAURETTA PERKINS, | ) |
|     Plaintiff, | ) CASE NO. C12-0208-MAT |
|     v. | ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |
|     Defendant. | ) |

Plaintiff Lauretta Perkins proceeds *pro se* in her appeal of a decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the ALJ's decision is AFFIRMED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff was born on XXXX, 1975.[1] She completed high school, has a commercial

---

1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of

ORDER
PAGE -1

driver's license, and, at the time of the hearing, was attending school to become a medical assistant. (AR 28, 31, 158.) Plaintiff previously worked as a cashier, deliverer, school bus driver, and security guard. (AR 28-33, 44, 142, 160.)

Plaintiff filed applications for DIB and SSI in November 2008, alleging disability beginning March 24, 2008. (AR 110-23.) Her applications were denied initially and on reconsideration, and she timely requested a hearing.

On August 17, 2010, ALJ M.J. Adams held a hearing, taking testimony from plaintiff and a vocational expert. (AR 23-46.) On September 23, 2010, the ALJ issued a decision finding plaintiff not disabled. (AR 10-18.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on December 6, 2011 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## JURISDICTION

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ took note of plaintiff's employment in 2008 through July 2009, her receipt of unemployment benefits since in or around July 2009, and her testimony that she obtained a waiver permitting her to attend

---

Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

ORDER
PAGE -2

school and continue to receive unemployment. (AR 12.) He determined that plaintiff had not engaged in substantial gainful activity since March 24, 2008, the alleged onset date.

At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ determined that plaintiff had medically determinable impairments, including lumbar spine pain, obesity, migraine headaches, and depression. However, upon finding that plaintiff did not have an impairment or combination of impairments that significantly limited, or was expected to significantly limit, plaintiff's ability to perform basic work-related activities for twelve consecutive months, the ALJ concluded that plaintiff did not have a severe impairment or combination of impairments at step two. Given that conclusion, the ALJ did not proceed with the remainder of the sequential analysis, and found plaintiff not disabled from March 24, 2008 through the date of the decision. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1003 (9th Cir. 2005) ("'If a claimant is found to be "disabled" or "not disabled" at any step in the sequence, there is no need to consider subsequent steps.'") (quoting *Schneider v. Commissioner of the SSA*, 223 F.3d 968, 974 (9th Cir. 2000)).

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

ORDER
PAGE -3

As construed by the Commissioner, plaintiff appears to challenge the ALJ's step two determination in this matter. She asserts a lack of substantial evidence support for the decision and the ALJ's failure to properly evaluate the medical records.[2] The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons described below, the Court agrees with the Commissioner.

Plaintiff bears the burden of proving an impairment is disabling. *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985). To meet the definition of disability, a claimant must have a severe impairment preventing work, and the impairment must have lasted or be expected to last at least twelve months. 20 C.F.R. §§ 404.1505, 404.1509, 416.905, 416.909. *Accord* 42 U.S.C. § 423 (d)(1)(A) (disability means "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months[]").

At step two of the sequential evaluation process, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs." §§ 404.1521(b), 416.921(b). "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that

---

[2] To the extent plaintiff's briefing could be read to contain other arguments (*see* Dkts. 18 & 20), none of the arguments are raised with any specificity and, as such, do not warrant scrutiny. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity) (citing *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003) (the court "ordinarily will not consider matters on appeal that are not specifically and distinctly argued in an appellant's opening brief").) For instance, while plaintiff implies the existence of new and material evidence, she does not point to or provide any such evidence.

ORDER
PAGE -4

has 'no more than a minimal effect on an individual's ability to work.'" *See Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996 (quoting Social Security Ruling (SSR) 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54). An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity. *Id*.

A diagnosis alone is not sufficient to establish a severe impairment. Instead, a claimant must show that her medically determinable impairments are severe. 20 C.F.R. §§ 404.1520(c), 416.920(c). Also, a medical impairment "must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a] statement of symptoms." §§ 404.1508, 416.908. *Accord Ukolov*, 420 F.3d at 1005 (same); SSR 96-4p (same).

In this case, the ALJ first described the medical record and rendered his conclusion as to the existence of medically determinable impairments. (AR 13.) The discussion of the medical record included, *inter alia*, the following descriptions: unremarkable/normal imaging results of cervical and lumbar spines, and the diagnosis of mild back sprain; an emergency room record describing the cause of reported migraines as not determined and "'unspecified'"; records confirming plaintiff's mood as depressed and affect as constricted, with a prescription for Celexa; and the absence of any imaging or treatment relating to alleged knee pain. (*Id*.)

The ALJ next engaged in a credibility analysis. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (in assessing credibility, an ALJ must first determine whether a claimant presents "objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'"; given presentation of such evidence, and absent evidence of malingering, an ALJ must provide clear and convincing

ORDER
PAGE -5

reasons to reject a claimant's testimony) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)).  He found plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms not credible to the extent inconsistent with the finding that plaintiff had no severe impairment or combination of impairments.   (AR 15.)

In finding plaintiff less than fully credible, the ALJ first found plaintiff's subjective complaints "not reasonably consistent" with the medical evidence:

> On a number of occasions the claimant's provider noted "no unusual anxiety of evidence of depression with a stable mood.  Her memory was "intact" and her judgment, thought processes/content, attention and intellect were all normal.  Once the claimant returned to part time work, discussed below, her provider noted a positive "increased affect."  As of April 2010, the claimant stated her depression improved and was stable while taking medication; she verified at her hearing that medication was a "great help."  She mentioned that "vacation" helped her symptoms too.  The record notes, however, that at times the claimant discontinued her medication because she "disliked taking medication," contributing to any ongoing symptoms.
>
> Concerning the claimant's back pain, she explicitly denied radiating pain to her lower extremities.  Examinations were generally unremarkable.  The claimant's treating provider deemed the claimant's back pain "mild" and advised conservative treatment, such as Tylenol and ibuprofen along with heat/ice, stretching and physical therapy.  As stated above, imaging did not identify any significant abnormalities and no surgical intervention was advised.  According to the record, the claimant's back pain improved with physical therapy.
>
> Likewise, despite complaints of migraine headaches a CT scan of the claimant's head was normal.  A neurological examination while at the emergency department was unremarkable.  According to the record, the claimant was sent home from the emergency department without any medication to treat her migraine headache, indicating her symptoms are not to the degree she is alleging.  Her provider thought stress triggered these headaches and counseling as well as smoking cessation was the recommended treatment.

(*Id*., internal citations to record omitted.)   "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical

ORDER
PAGE -6

evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); SSR 96-7p (same). Also, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). As such, the ALJ here appropriately relied on inconsistency with the medical record.

The ALJ next pointed to the fact that plaintiff has worked and sought work with her allegedly disabling impairments, inconsistent statements regarding her employment record, and other facts showing the impairments did not prevent her from working and seemed to alleviate her symptoms as "strongly suggest[ing] [her] symptoms would not currently prevent work." (AR 15-16.) In so doing, the ALJ appropriately considered inconsistencies between plaintiff's testimony and both her conduct and work record. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

The ALJ also appropriately considered inconsistencies or contradictions between plaintiff's statements and her activities of daily living. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *Thomas*, 278 F.3d at 958-59. The ALJ noted evidence that plaintiff walked for exercise, was taking a test to become a metro bus driver, and sought "out many 'hard-to-find resources' to prevent rent/energy, crisis." (AR 16.) The function report plaintiff completed included the following descriptions: getting her children up in the morning, completing her personal hygiene, preparing meals, and helping her children with homework; caring for her five children, including cooking and washing clothes; light cleaning and laundry; getting outside at least once a week; talking with and occasionally having lunch with friends;

ORDER
PAGE -7

sometimes attending church; being able to pay attention for a "'fairly good'" amount of time and follow spoken instructions; and no use of any prescribed assistive devices. (AR 16 (citing AR 168-75).)  At hearing, plaintiff testified she was attending school, four days a week, seven hours a day, and that she did not find school stressful.  (*Id*.)   The ALJ additionally considered, with notation to several examples as support, the possibility of secondary gain.  (*Id*.)

The ALJ also took into consideration a lay report from plaintiff's friend.  (AR 16.)  The lay witness indicated, *inter alia*, that she saw plaintiff twice a week to grocery shop and chat, that plaintiff attended church and watched television, but socialized mostly on the phone, and that, while any physical tasks elicited pain, discomfort, and limited walking, plaintiff did not have a problem paying attention and following spoken instructions, and could handle stress and changes in routine "'pretty well.'"  (*Id*. (citing AR 176-83).)  The ALJ found plaintiff's activities "relatively unlimited[,]" and took note of the lay witness's "repeated statements that she was unaware of [plaintiff's] daily activities[]" to "reduce[] the validity of the overall report."  (*Id*.)  The ALJ sufficiently assessed the lay testimony.  *See Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment) and *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996) (the ALJ can reject the testimony of lay witnesses only upon giving germane reasons).

The ALJ likewise properly considered the medical record.  In addition to the earlier outline of medical records (AR 13), the ALJ considered medical opinion evidence.  He first took note of an April 2007 letter from plaintiff's treating physician, Dr. Janelle Walhout, stating plaintiff could resume "'full duty'" work after a car accident.  (AR 17 (citing AR 239).)  The

ORDER
PAGE -8

ALJ weighed the assessment "heavily" given Dr. Walhout's treatment of plaintiff, and the opinion that plaintiff "could return to work as of 2007, which is supported by the record." (*Id.*) The ALJ appropriately assigned weight to the opinion of this treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (an ALJ must, as a general matter, give more weight to the opinions of treating physicians than to non-treating physicians, and more weight to the opinion of an examining physician than to a non-examining physician).

The ALJ next considered evidence from non-examining state agency physicians. Dr. Christy Ulleland, in June 2009, found plaintiff's allegations of back problems and headaches non-severe due to testing showing plaintiff was neurologically intact, normal April 2009 x-rays of cervical and lumbar spines, and improvement in her migraines with medication. (AR 17; AR 340.) Dr. Diane Fligstein, in a March 2009 psychiatric review, found plaintiff's activities of daily living "unlimited," noting her ability to care for her five children, her cooking and laundry responsibilities, and her ability to shop and spend time with others, including going to lunch. (AR 17 (citing AR 310-22).)[3] As observed by the ALJ, Dr. Fligstein took note of the fact that, on the daily activities form completed, plaintiff "checked no boxes indicating mental limitations and stated she followed instructions well and was able to get along with authority figures." (*Id.*) The ALJ further noted: "Regarding the evidence of financial stress, physical/back pain and being unemployed, resulting in depression, Dr. Fligstein opined these feelings seemed normal in this context. Overall, the evidence did not establish significant

---

3 While the narrative portion of this Psychiatric Review Technique form was written by an agency adjudicator, the ALJ properly considered the information as Dr. Fligstein's opinion given that she signed the form and edited the narrative content. (AR 310, 322.) *See Lawrence v. Astrue*, C09-1368Z, 2010 U.S. Dist. LEXIS 75529 at *2-3 (W.D. Wash. July 27, 2010) (where form affirmed by physician in its entirety, ALJ obligated to consider it as opinion evidence).

ORDER
PAGE -9

psychiatric limitations; therefore, the mood disorder was rated as nonsevere." (*Id.*) Dr. R. Eisenhauer, in June 2009, affirmed Dr. Fligstein's assessment. (*Id.* (citing AR 341).)

The ALJ gave the state assessments "significant weight" because they were based on a review of the record, had the support of the evidence, and given the assessors' familiarity with Social Security Regulations, and agreed that plaintiff's impairments are nonsevere. (*Id.*) Again, the ALJ properly afforded weight to the opinions of these physicians. *See* 20 C.F.R. §§ 404.1527(f)(2)(i), 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation. Therefore, [ALJs] must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled (see § 404.1512(b)(8))."); SSR 96-6p (same).

Finally, the ALJ performed the required functional assessment for evaluating mental disorders. *See* 20 C.F.R. part 404, Subpt. P, Appx. 1. He concluded plaintiff had mild limitations in activities of daily living, in social functioning, and in concentration persistence and pace, and no episodes of decompensation. (AR 17-18.)

In summarizing his conclusion that plaintiff's impairments are nonsevere, the ALJ pointed to the lack of objective medical evidence support in the record and the absence of evidence showing a sufficient durational requirement of twelve months. (AR 17-18.) He also deemed his conclusion as to an absence of impairments or combination of impairments significantly limiting plaintiff's ability to perform basic work activities as supported by the

ORDER
PAGE -10

evidence in the record and the testimony. (*Id.*)

Plaintiff fails to raise any arguments undermining the ALJ's conclusion. She does not identify any ambiguity that would have triggered the duty of the ALJ to develop the record further, and no such ambiguity is apparent from review of the record. *Cf. Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) ("The ALJ's duty to supplement a claimant's record is triggered by ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous. Here, the medical evidence was sufficiently ambiguous to trigger the ALJ's duty because of the obvious vicissitudes in Webb's health, particularly the ways in which his conditions improved and worsened as a result of the afflictions and their treatments."; also finding the ALJ's reasons for rejecting the claim at step two "not substantial enough to meet the 'clear and convincing' standard when balanced against Webb's doctors' contemporaneous observations, some objective tests and Webb's subjective complaints.") (internal citation to *Tonapetyan*, 242 F.3d at 1150). Instead, as argued by the Commissioner, the ALJ's decision has the support of substantial evidence.

## **CONCLUSION**

For the reasons set forth above, this matter is AFFIRMED.

DATED this 31st day of July, 2012.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE -11